Filed 4/9/14  P. v. White CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059686 |
| v. | (Super.Ct.No. RIF10004243) |
| CRAIG KEYON WHITE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed.

Suzanne G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

On October 14, 2011, a jury found defendant guilty of four counts of robbery (Pen. Code, § 211), two counts of attempted robbery (Pen. Code, §§ 664, 211), and one count of first degree burglary (Pen. Code, § 459), all stemming from a single home invasion robbery involving multiple victims. After defendant admitted the truth of the allegations that he had two strike priors within the meaning of the three strikes law (Pen. Code §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and that he had served a prior term in prison (Pen. Code, § 667.5, subd. (b)), the trial court imposed the mandatory sentence under the three strikes law of four consecutive terms of 25 years to life in state in prison. We affirmed the judgment on appeal in case No. E055529.

On April 9, 2012, the probation department filed a report with the court in which it recommended defendant be required to pay the four victims restitution in the amounts the victims had each requested. On November 29, 2012, defendant agreed, and the parties stipulated to the amount of restitution defendant would pay to three of the four victims. However, defendant did not agree to the amount requested by Adrian Ibarra because Ibarra had not provided receipts to support his claimed losses. The trial court ordered the probation department to prepare a supplemental report on the amount of restitution defendant should be ordered to pay to Ibarra.

Defendant requested a hearing on June 4, 2013, on the amount of restitution he should be required to pay Ibarra. The probation department filed a supplemental report on July 18, 2013, recommending restitution to Ibarra in the original amount he had

requested, and acknowledging probation had been unable to contact him and, therefore, had not obtained documentation to support the amount of his claim.

At the hearing, held on July 26, 2013, the trial court ordered defendant to pay $1,104.99 in restitution to Ibarra. Defendant filed a timely appeal.

**FACTS**

Ibarra submitted a statement of loss form to the probation department seeking victim restitution of $2,155 comprised of $1,200 for a 42-inch LG LCD television; $5 for replacement of a Phat Farm wallet; $500 for replacement of his green card; $200 for lost cash; and $250 for replacement of an iPhone. Ibarra did not provide any receipts to support his restitution claim nor did he sign the claim form.

At the hearing on Ibarra's restitution claim, defendant's attorney objected to Ibarra's restitution claim, first on the ground that Ibarra had not signed the statement of loss form, an oversight counsel claimed made it impossible to verify that Ibarra had submitted the claim. Defense counsel also objected, in the absence of receipts, that there was no evidence to establish the value of the items for which Ibarra sought restitution. The prosecutor argued the evidence that probation had mailed the form to Ibarra and that it was mailed back to probation was sufficient to show Ibarra was the person who submitted the claim, the items for which Ibarra requested restitution corresponded with the items he testified at trial had been stolen from him during the robbery, and the values attributed those items seemed reasonable.

3

The trial court agreed with the prosecutor. The trial court noted that although Ibarra had not provided receipts, another victim, Estevez, had submitted a receipt in the amount of $649.99 to establish the value of the 42-inch television defendant had stolen from him. The trial court relied on Estevez's receipt to value Ibarra's 42-inch LCD television at $649.99, rather than $1,200, as Ibarra had requested. The trial court struck Ibarra's request for $500 to replace his stolen green card because there was no evidence to support that request. The trial court then awarded Ibarra a total of $1,104.99 in restitution for the stolen television and items other than the green card.

## DISCUSSION

At defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, and two potential arguable issues, both of which are directed at the sufficiency of the evidence to support Ibarra's restitution claim. Counsel asks this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER _____

J.

We concur:

HOLLENHORST _____

Acting P. J.

MILLER _____

J.